IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARIA F. WALLACE,<br>         Plaintiff, | )<br>) | |
| vs. | ) | No. 3:17-CV-1602-M-BH |
| | ) | |
| ACCESS SELF STORAGE RED OAK,<br>         Defendants. | )<br>)<br>) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this pro se case has been automatically referred for screening. Based on the relevant filings and applicable law, the plaintiff's claims should be **DISMISSED**.

**I.  BACKGROUND**

On June 16, 2017, the plaintiff filed this *pro se* case against a storage facility that seeks to auction her property. (*See* doc. 3.) She contends that it violated her rights under a contract, and she expressly invokes the Federal Acquisition Regulation Contractor Code of Business Ethics and Conduct, 48 C.F.R. §52.203-13, 48 C.F.R. § 3.1004, and 18 U.S.C. §1346. (*Id.*) Her complaint may also be liberally construed as asserting state law claims for breach of contract and fraud. (*Id.*) No process has been issued.

**II.  PRELIMINARY SCREENING**

Because the plaintiff has been permitted to proceed *in forma pauperis*, her complaint is subject to judicial screening under 28 U.S.C. § 1915(e)(2). It provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

### III. FEDERAL ACQUISITION REGULATION

The plaintiff sues under the Federal Acquisition Regulation Contractor Code of Business Ethics and Conduct, 48 C.F.R. §52.203-13, and 48 C.F.R. § 3.1004.

The Federal Acquisition Regulations System was "established for the codification and publication of uniform policies and procedures for acquisition by all executive agencies." 48 C.F.R. § 1.101. It consists of the Federal Acquisition Regulation (FAR), which is the primary document, and agency acquisition regulations that implement or supplement the FAR. *Id.* The FAR does not provide a private party with a private cause of action to sue a private contractor, even one employed by the government. *See Marini v. DragadosUSA, Inc.*, No. 11-11316-GAO, 2012 WL 4023674, at *1 (D. Mass. Sept. 11, 2012); *Mountain State Mechanical Insulation, Inc. v. Bell Constructors, LLC*, No. 1:11CV180, 2012 WL 2995213, at *2 (N.D. W.Va. July 23, 2012). Accordingly, the plaintiff fails to state a claim upon which relief may be granted under the FAR.

### IV. 18 U.S.C. § 1346

The plaintiff also invokes 18 U.S.C. § 1346, a criminal statute criminalizing scheme or artifice to defraud.

A private party may not enforce criminal statutes through a civil action. *Florance v. Buchmeyer*, 500 F.Supp.2d 618, 626 (N.D. Tex. 2007). Nor is there a constitutional right to have someone criminally prosecuted. *See Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir.1990). Courts considering civil actions invoking 18 U.S.C. § 1346 have uniformly found that does not provide the plaintiff with a private cause of action against the defendant. *See Hayes v. Shelby County Trustee*, 971 F.Supp.2d 717, 735 (W.D.Tenn. 2013); *see also Reynolds v. Wilkerson*, No. 13-CV-4855-LHK, 2014 WL 4062771, at *4 (N.D.Cal. Aug. 14, 2014); *Carvel v. Ross*, No. 09 Civ. 0722 (LAK) (JCF), 2011 WL 856283, at *12 (S.D.N.Y. Feb. 16, 2011); *RJ Production Co. v. Nestle USA, Inc.*, No. 10-0584 (ESH), 2010 WL 1506914, at *2 (D.D.C. Apr. 15, 2010). The plaintiff also fails to state a cause of action upon which relief may be granted under this criminal statute.

### V. STATE LAW CLAIMS

Although she does not specifically assert them, the plaintiff's complaint may be liberally construed as also asserting state law breach of contract and fraud claims.

Under § 1367(a), federal courts have "supplemental jurisdiction over all other claims that are so related to claims in the action within [its] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." In essence, § 1367(a) grants the courts the "power to hear a state law claim under pendent or supplemental jurisdiction if (1) the federal issues are substantial, even if subsequently decided adverse to the

3

party claiming it; and (2) the state and federal claims derive from a common nucleus of operative fact." *McKee v. Texas Star Salon, LLC,* No. 3:15-CV-1162-D, 2007 WL 2381246, at *4 (N.D. Tex. Aug. 21, 2007) (citations omitted); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1996).

When all federal claims are dismissed prior to trial, the general rule in this circuit is to decline exercising jurisdiction over the remaining state law claims. *LaPorte Constr. Co. v. Bayshore Nat'l Bank*, 805 F.2d 1254, 1257 (5th Cir. 1986); *see also* 28 U.S.C. § 1367(c)(3).[1] This rule is "neither mandatory nor absolute." *Smith v. Amedisys Inc.*, 298 F.3d 434, 447 (5th Cir. 2002) (citation omitted). Rather, district courts are given wide discretion in deciding whether to exercise jurisdiction under such circumstances. *See Heaton v. Monogram Credit Card Bank*, 231 F.3d 994, 997 (5th Cir. 2000); *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993); *see also United Mine Workers*, 383 U.S. at 726 ("[P]endent jurisdiction is a doctrine of discretion, not of [a] plaintiffs right."). In exercising this discretion, courts should consider issues of judicial economy, convenience, and fairness to the litigants. *LaPorte Constr. Co.*, 805 F.2d at 1257. However, "no single factor is dispositive." *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008).

---

[1] Under 1367(c), a court may decline to exercise supplemental jurisdiction over a state claim if:

(1) the claim raises a novel or complex issue of law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1376(c).

4

Here, because the plaintiff's federal claims are subject to dismissal for failure to state a claim, the Court should decline to exercise supplemental jurisdiction over her remaining state law contract and fraud claims. These state law claims should be dismissed without prejudice to pursuing them in state court. *See Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *Sibley v. Lemaire*, 184 F.3d 481, 490 (5th Cir.1999) (affirming the district court's decision not to hold a jury trial on the state negligence claim after it granted summary judgment on the § 1983 claims).

## VI.  RECOMMENDATION

The plaintiff's federal claims should be **DISMISSED** with prejudice for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B), and her state law claims should be **DISMISSED** without prejudice to pursuing them in state court.

**SO RECOMMENDED** on this 20th day of June, 2017.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE